**[J-95-2020] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 21 MAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court dated July 3, 2019, |
| | : | reconsideration denied September |
| v. | : | 11, 2019, at No. 1573 EDA 2018 |
| | : | Reversing the PCRA Order, |
| | : | Vacating the Judgment of Sentence |
| ANTHONY SHAW, | : | of the Delaware County Court of |
| | : | Common Pleas, Criminal Division, |
| Appellee | : | dated April 25, 2018 at No. CP-23- |
| | : | CR-0006238-2010 and Remanding |
| | : | for a new trial. |
| | : | |
| | : | SUBMITTED:  September 17, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                        **DECIDED:  March 25, 2021**

The majority finds Appellee entitled to redress concerning a claim of ineffective assistance of appellate post-conviction counsel raised for the first time on appeal.  Such a conclusion is in tension with our precedent, which is discussed at length in *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014) (*en banc*).  The majority acknowledges that the prevailing view does not permit consideration of such claims but maintains "the present circumstances are factually distinguishable from the line of decisions pertaining to original-jurisdiction post-conviction counsel, so that the doctrine of stare decisis and its exceptions need not be considered." Maj. Op. at 14.  This is a distinction without a difference, considering in either case the claim arises for the first time on appeal.  The majority understandably works around our precedent in an effort to vindicate the right to effective assistance of post-conviction counsel given limitations

imposed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546, such as the one year jurisdictional time bar. Nevertheless, the tension between the PCRA and the right to effective assistance of counsel is not novel, as evidenced by our body of case law. The legislature is presumably aware of the same, and its failure to amend the PCRA to provide for relief under the present circumstances demonstrates an acceptance of our precedent on this subject matter. Accordingly, I would reverse the order of the Superior Court to the extent it concluded Appellee's claim was reviewable on the merits.